**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEAN L. CERO, | No. 10-17866 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02086-PMP-LRL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted February 17, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Appellant Dean L. Cero appeals the district court's judgment upholding the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. He alleges that Parkinson's

disease prevented him from working since February 1, 2001. The Administrative

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Law Judge ("ALJ") found that Cero was severely impaired but did not meet or equal any condition listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that Cero could perform his past relevant sedentary work through his date last insured of September 30, 2002, and therefore denied him disability benefits. We review de novo a district court's judgment upholding the denial of social security benefits, *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), and we reverse and remand for further proceedings.

The ALJ erred when he failed to provide "clear and convincing" reasons for rejecting the uncontroverted opinions of Cero's two treating physicians, Dr. Albert Michelbach and Dr. Charles Bernick. *See Orn*, 495 F.3d at 632. Notably, the ALJ failed to even mention Dr. Bernick's opinion. "By disregarding [this] opinion[] and making contrary findings, he effectively rejected [it.] His failure to offer reasons for doing so was legal error." *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

As for Dr. Michelbach, the ALJ labeled his opinion "vague," "ambiguous," and "pure patient advocacy," but failed to cite any evidence to support these assertions. Additionally, the ALJ concluded that Dr. Michelbach's opinion was "speculative" on the basis that "there is absolutely no objective medical evidence existing before September 30, 2002, of a disabling condition of any kind, and no

evidence, whatsoever, that it was Parkinson's disease that had caused the claimant's symptoms as they were reported prior to that date." Such conclusory statements, however, fall short of a "clear and convincing" reason to ignore a treating doctor's opinion. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (holding that ALJ did not give "clear and convincing" reasons for rejecting treating physician's opinion where the ALJ "merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any of the specific medical opinions and findings he rejects").

Because the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Cero's treating physicians, we credit the evidence as true. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Although these opinions do not unequivocally establish that Cero met or equaled the listing for Parkinson's disease before his last insured date, 20 C.F.R. Part 404, Subpt. P, App. 1, § 11.06, they indicate that Cero began suffering from some symptoms of Parkinson's disease in 2001 and 2002. What the record fails to resolve, however, is whether Cero's symptoms either satisfied the listing criteria, or otherwise constituted a "disability" under the Social Security Act, during the period of his insured status.

We have previously held that "[i]f the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, [Social Security

3

Regulation] 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991)). In this case, because the onset date of Cero's disability is uncertain, the ALJ has a duty to call a medical expert to assist in determining this date. The ALJ also has a duty to "fully and fairly develop the record" by gathering any additional medical evidence concerning onset. *See id.*; *Smolen*, 80 F.3d at 1288.[1]

Further proceedings are necessary to address these outstanding issues before a determination of disability can be made. *Cf. Smolen*, 80 F.3d at 1292. Accordingly, we reverse the district court's judgment and direct that this case be remanded to the ALJ with instructions to fully credit the opinions of Drs. Michelbach and Bernick, to develop the record with available evidence, and to review the evidence of the onset of disability with the assistance of a medical advisor.

**REVERSED and REMANDED for further proceedings.**

---

[1] Thus, if the ALJ "need[s] to know the basis of [Dr. Michelbach and Bernick's] opinions in order to evaluate them, he [has] a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them." *Smolen*, 80 F.3d at 1288. Or if Cero has additional medical evidence regarding onset, the ALJ must permit him to augment the record.